DONALD ZIMMERMAN, administrator of estate of Bruce Zimmerman, deceased, appellee and cross-appellant, v. PUREX CORPORATION, LTD., appellant and cross-appellee.

No. 51210.

(Reported in 125 N.W.2d 822)

January 14, 1964.

Rehearing Denied March 10, 1964.

McDonald, McDonald & Carlin, of Davenport, for appellee.

192

Cook, Blair, Balluff & Nagel and Doerr, Dower & Rehling, all of Davenport, for appellant.

HAYS, J.—Law action for damages for death of plaintiff's decedent due to alleged negligence of the defendant. Just prior to empaneling a jury in the case the trial court, acting under rule 134(d), R. C. P., sustained plaintiff's motion to strike defendant's answer. The court submitted the issue of damages to the jury granting defendant the right to cross-examine. A jury returned a verdict for $9000 actual damages and $50,000 exemplary damages. Defendant's motion for a new trial was overruled so far as reinstating its answer and granting a new trial was concerned. It did set aside the award of exemplary damages and ordered a new trial thereon. Both parties have appealed. We shall refer to defendant as the appellant.

The record shows that both petition and answer in the case were on file when plaintiff, as authorized by rule 121, R. C. P., filed interrogatories, eight in number, to be answered by defendant. Objections were filed by defendant and on August 29, 1962, the trial court ordered some of the interrogatories to be answered. It did not set a date within which the answers should be made. December 19, 1962, the case came on for trial. Just prior to empaneling a jury, counsel for plaintiff in the court's chambers and in the presence of the court and counsel for defendant dictated a motion into the record to strike defendant's answer and for a default judgment due to the failure of the defendant to answer the said interrogatories. Over defendant's strenuous objections the motion was sustained as to striking the answer, and the trial proceeded as above stated. As we view this appeal the entire controversy revolves about the sustaining of the motion to strike the answer.

Appellant asserts error in striking the answer under two theories: (1) The motion not being written and no notice having been given appellant thereof, no valid motion existed and nothing was before the trial court; (2) an abuse of judicial discretion upon the part of the trial court in sustaining the motion.

I. Appellant argues at length that all motions to a court must be in writing and filed with the clerk; that notice thereof

must be given opposing party before the trial court can pass thereon. The question is argued at some length as to whether appellant raised this question as to a written motion and notice before the trial court so as to entitle it to be argued here. While we agree that there may be some question thereon, we assume the issue to be properly before this court. The trial court held such matters had been waived by counsel.

The interrogatories were filed as authorized by rule 121, R. C. P. The order of the court for answer of interrogatories was made under rule 123, R. C. P., with no time fixed by the court for answering. So far as appears from the record, no request was made for a fixed time for answering. Rule 134(d), under which the trial court acted in sustaining the motion to strike, provides: "(d) * * * If a party * * * fails to file answers to interrogatories submitted under rule 121, the court *on motion and notice* may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against such party." (Italics ours.) It is the words "on motion and notice", appearing. therein, that gives rise to appellant's contention.

Rules 78, 82, 109, 114, 115 and 117, R. C. P., are cited to support the contention that motions must be in writing and some form of notice given before the trial court can act. Generally speaking, we agree with appellant's contention that motions must be in writing and notice thereof given. This prevents the court acting ex parte upon such matters. We think, however, that the words in controversy "on motion and notice" have no other significance than saying that no action shall be taken thereon ex parte. Rule 117, R. C. P., seems to indicate that motions need not be written if made during the trial. It also follows that under such conditions, the motion being made in the presence of counsel, no further notice is needed. Appellee asserts the motion was made during the trial and apparently so viewed by the trial court and we agree. The matter was properly before the court and it had full power to act.

Appellant argues at length that the Iowa Rules of Civil Procedure are to be construed in the same way as the corre-

sponding Federal rules, specifically rule 37(d), which is in part as follows: "If a party * * * fails to serve answers to interrogatories * * * the court *on motion and notice* may strike out all or any part of any pleading of that party." (Italics ours.) Appellant then states, "F. R. C. P. 37(d) does, unarguably, require a written motion, together with notice." In view of F. R. C. P. 7(b)(1), which provides "An application to the court for an order shall be by motion which, *unless made during a hearing or trial,* shall be made in writing" (Italics ours), we cannot accept appellant's flat statement as to the requirement of rule 37(d). We think in the light of Federal rule 7(b)(1), supra, the words "on motion and notice" mean no more than that there shall be no ex parte ruling. In this respect we think our rule 117, R. C. P., is similar to F. R. C. P. 7(b)(1). We find no merit in this contention.

II.   Appellant further contends that the court abused its discretion in adopting the extreme sanction that it did here. All are agreed that action under rule 134(d) is discretionary with the trial court and it is clear under the wording of the rule that failure to answer need not be willful. While the trial court did not say that the action of appellant and its counsel, in not answering the interrogatories, was willful, it clearly did find a lack of diligence upon the part of both counsel and appellant. Under the record we think the trial court may well have been incensed at what may be termed "horseplay" upon the part of counsel and appellant. It stated in the record "there is no valid excuse, in my humble opinion, for the failure of the defendants here to answer these interrogatories." We think, but for one factor, the action taken by the trial court was justified.

Rule 123, R. C. P., specifically provides that interrogatories, if no objections are made, shall be answered within seven days after they are filed. It also provides that if objections are filed and the court determines that the interrogatories should be answered, the court shall fix the time within which the answers shall be made. Here no time was fixed by the court and no request made by appellee that a stated time be fixed. While the appellant may have violated the spirit of the Rules of Civil Pro-

cedure by its lack of diligence in complying with the court's order to answer, it cannot be said there was violation of any specific order of the court or a delinquency such as to warrant the extreme action taken. See Union Republican Co. v. Anderson, 211 Iowa 1, 232 N.W. 492. The trial court was in error in striking appellant's answer and thus deprived the appellant of a full trial upon the merits of the case.

■ Appellee by cross-appeal urges that this court does not have jurisdiction to hear appellant's appeal since the so-called motion for a new trial was nothing more than a motion to reconsider and is not an appealable question, citing rule 242, R. C. P.; In re Estate of Goar, 252 Iowa 108, 106 N.W.2d 93; Stover v. Central Broadcasting Co., 247 Iowa 1325, 78 N.W.2d 1. Without dwelling thereon, we find such a wide difference between the record here and the situations found in cited cases that we hold the contention to be without merit.

■ III. Appellee, as cross-appellant, contends error was committed in granting a new trial on the issue of exemplary damages. The trial court found the award to be excessive and the result of passion and prejudice. It also held that it was error to have submitted the question of exemplary damages to the jury. In view of our holding that error was committed in the striking of the answer, such as to require a new trial wherein the answer is reinstated, whether error was committed in granting a new trial upon the issue of exemplary damages becomes moot.

The judgment of the trial court in overruling appellant's motion for a new trial and the reinstatement of the stricken answer is reversed and the cause remanded for further proceedings in accord herewith.—Reversed on appellant's appeal; affirmed on cross-appeal by appellee.

All JUSTICES concur.