BOS LINES, INC., Appellant,

v.

PHILLIPS & PHILLIPS et al., Appellees.

No. 2–56459.

Supreme Court of Iowa.

March 19, 1975.

Richard P. Moore, of Moyer & Bergman, Cedar Rapids, for appellant.

Mack, Hansen & Gadd, Storm Lake, for appellees.

Heard by MOORE, C. J., and MASON, REES, UHLENHOPP and REYNOLDSON, JJ.

MOORE, Chief Justice.

Plaintiff appeals dismissal of its law action pursuant to rule 134(b)(2), Rules of Civil Procedure, for failure to produce books and documents as required by order of the trial court. We affirm.

On June 7, 1971 plaintiff filed its three-division petition claiming defendants owed it $4075 based on an executed oral contract. Division I alleged breach of an oral agreement wherein plaintiff was to receive a set fee per truckload for the use of its interstate operating authority by defendants. Division II pleaded failure by defendants to pay an account stated and Division III alleged nonpayment of an open account.

Following disposition of motions attacking the petition and considerable discovery proceedings, defendants filed their answer on December 29, 1971 denying any liability to plaintiff. March 31, 1972 defendants filed a counterclaim alleging plaintiff owed them $7576 unpaid revenues arising out of the parties' same trucking agreement. Plaintiff filed reply thereto on April 10, 1972.

On June 12, 1972, defendants filed a motion to produce certain described books and papers then in plaintiff's possession. The motion was made pursuant to rule 129, R.C.P. A hearing on said motion was ordered with notice, and held June 19, 1972. Plaintiff's counsel did not attend the hearing. On the latter date the trial court entered the following order:

"Defendants' motion to produce Books and Papers is sustained. It is ordered that plaintiff shall furnish true copies of all such papers and records to defendants' counsel, or shall make the original copies available to defendants' counsel for his inspection within 30 days of this date."

On July 31, 1972 defendants filed combined motions to strike plaintiff's petition, strike plaintiff's reply to their counterclaim and for default and judgment on their counterclaim. Defendants attached a copy of the June 19 order and set out the fact plaintiff had not complied therewith. The motion specifically referred to, and defendants based their motion on, rule 134(b)(2), R.C.P. which in relevant part provides:

"If any party * * * refuses to obey an order made under subdivision (a) of this rule requiring him * * * to produce any document or other thing for inspection * * *, the court may make such orders in regard to the refusal as are just, and among others the following:

" * * *

"An order striking out pleadings or parts thereof, * * *, or dismissing the action or proceeding or any part thereof * * *."

On August 11, 1972 in response to the combined motions plaintiff stated:

"Comes now the plaintiff and hereby resists the combined motions to dismiss, strike, and for judgment by default, and hereby requests the opportunity to be heard orally on the aforementioned motions."

On April 2, 1973 District Judge Richard W. Cooper entered the following:

"Counsel for plaintiff having requested opportunity for oral argument on defendants' combined motions to dismiss, strike and for default; it is ordered that all motions shall be heard at 10:00 a. m. on the next motion day of this Court, April 16, 1973. Absence of either or both counsel shall be deemed a waiver of argument."

By agreement and request of counsel date for hearing was continued to 10:00 a. m., May 7, 1973.

On May 7 Judge Cooper entered the following:

"Neither counsel appeared and the combined motions are submitted without argument. After a review of the entire court file, including previous entries and directions of the Court, the Court concludes that defendants' motion to dismiss should be, and is hereby, sustained on each and every ground stated therein for the reason that there is no showing that plaintiff has complied with the Court order entered June 19, 1972, relative to the production of certain books and papers. A ruling on defendants' motion to strike the plaintiff's reply to defendants' counterclaim (II of defendants' motion) and defendants' motion for judgment by default (III of defendants' motion) is unnecessary since said motions are rendered moot by the sustaining of the motion to dismiss. Wherefore, plaintiff's petition is dismissed at plaintiff's cost. Plaintiff excepts."

On June 5, 1973 plaintiff applied to this court to appeal from the dismissal order of May 7 which plaintiff referred to as interlocutory. We granted plaintiff's request on June 18, 1973.

I. Plaintiff's first issue raised on this appeal presents this question: "Did the trial court abuse its discretion by imposing the sanction of dismissal absent a finding that the presumed failure to produce documents was willful?"

Plaintiff's brief concedes the trial court has discretion under rule 134(b)(2) to dismiss an action for refusal to obey an order to produce documents. This seems clear by the terms of the rule although the issue as to this subsection has not heretofore been before this court. Relative to similar provisions found in rule 134(d) for failure to answer interrogatories in Zimmerman v. Purex Corporation, Ltd., 256 Iowa 190, 194, 125 N.W.2d 822, 824, we say: " * * * [A]ction under rule 134(d) is discretionary with the trial court and it is clear under the wording of the rule, that failure to answer need not be willful. * * *."

■ The question of whether Judge Cooper abused his discretion must be reviewed in light of the record before him on May 7, 1973. It was without any claimed facts or contentions of plaintiff. Defendants' combined motions asserted that after more than 30 days plaintiff had failed to produce the books and papers as ordered. Plaintiff's resistance pleaded nothing to explain the alleged failure. Plaintiff asked for and was granted an opportunity to present oral argument and then failed to appear on hearing day. Plaintiff had months to plead any claimed defense to the combined motions. Plaintiffs' counsel was not diligent in this matter.

Although less drastic remedies were available, we find no abuse of discretion in the lower court's dismissal of plaintiff's petition.

II. In Division II of its brief plaintiff contends trial court abused its discretion in denying its "Motion to Set Aside Dismissal." It was filed a few days after the dismissal order. On appeal plaintiff treats his motion as if made pursuant to rule 252, R.C.P., which grants the trial court authority to vacate an order occasioned by mistake, neglect, or omission of the clerk. Plaintiff's counsel now argues he did not receive a copy of the June 19, 1972 order from the district court clerk. This contention was not urged as a basis for his "Motion to Set Aside Dismissal" and of course cannot be first raised on appeal. It must be further noted a copy of the June 19 order was made a part of defendants' combined motions.

■ The order denying plaintiff's Motion to Set Aside Dismissal raises no appealable issue. Ordinarily no appeal lies from a decision on a motion to set aside a previous ruling or order. Error, if any, was in the previous ruling or order. Newmire v. Maxwell, Iowa, 161 N.W.2d 74, 83; Stover v. Central Broadcasting Co., 247 Iowa 1325, 1331, 1332, 78 N.W.2d 1, 5 and citations. Plaintiff asked and received permission to appeal from the May 7 order dismissing its petition. No notice of appeal was filed nor

822

permission granted to appeal the June 8 order denying plaintiff's motion to set aside.

The issues raised in Division II of plaintiff's brief are untenable.

No reversible error is established. The lower court's dismissal order must remain in force.

Affirmed.