R. E. MORRIS INVESTMENTS, INC.,
and R. E. Morris Co., Inc., Appellees,

v.

John F. LIND and Charma
Lind, Appellants.

No. 64645.

Supreme Court of Iowa.

April 15, 1981.

George Lindeman and John T. McCoy, of Lindeman & Yagla, Waterloo, for appellants.

C. A. Frerichs, of Fulton, Frerichs, Nutting, Martin & Andres, Waterloo, for appellees.

Considered by HARRIS, P. J., and ALLBEE, McGIVERIN, LARSON and SCHULTZ, JJ.

ALLBEE, Justice.

This interlocutory appeal presents the question whether a trial court can, pursuant to Iowa R.Civ.P. 134(b)(2), strike a demand for jury trial as a sanction for failure to comply with a discovery order. We conclude that such action is not available as a discovery sanction.

The action from which this appeal arises was instituted by plaintiffs R. E. Morris Investments and R. E. Morris Co., Inc. (Morris) in October 1978. In essence, Morris alleged the breach of an agreement for the purchase of a retail hardware business and of a commercial lease by defendants John and Charma Lind (Linds). On February 16, 1979, the Linds filed an answer and a counterclaim, in which they asserted that Morris had "knowingly, intentionally, and/or recklessly made misleading, deceptive, false and fraudulent statements" to them in order to induce their entry into the purchase agreement and lease. At the same time, the Linds filed a demand for jury trial. See Iowa R.Civ.P. 177.

During a deposition on March 19, 1979, defendant John Lind agreed to make available certain cash register tapes to Morris, provided the documents were actually in his possession. These tapes were apparently necessary for calculating the retail sales of the hardware business during the period it was operated by the Linds, and thus were relevant to their counterclaim. On May 8, Morris filed a motion to produce which requested, inter alia, delivery of the above-mentioned cash register tapes. This motion was sustained by Judge Peter Van Metre on May 22; the Linds, however, were provided forty-five days from the date of the ruling to comply with the motion in view of the

apparently voluminous nature of the requested documents.

Shortly thereafter, the case was assigned for jury trial on November 13, 1979. The Linds, in the interim, failed to produce the cash register tapes within the time prescribed by the May 22 order. Following two letters of inquiry to the Linds' attorney, Morris, on October 3, 1979, filed a motion to compel discovery and to impose sanctions pursuant to Iowa R.Civ.P. 134. Among the sanctions requested by Morris was the striking of the Linds' demand for jury trial. The Linds filed a response on October 29 in which they stated that the requested tapes would be made available to Morris and that attempts were being made to gather other documents to supplement the request. At a hearing on the motion, copies of certain cash register tapes were provided to Morris by the Linds' attorney, who stated that the originals would be made available by the end of the month. These copies, however, were partially illegible and obliterated, and were therefore deemed unsatisfactory. On October 31, Judge William G. Klotzbach entered a ruling on Morris's motion which withheld the imposition of any discovery sanctions pending delivery of the originals of the requested tapes; a deadline on the delivery of these documents was set for November 1, 1979. Meanwhile, Linds' unresisted motion for continuance, based in part upon claims of a need for additional preparation and settlement of certain pretrial matters, was sustained, and the trial date postponed until November 11, 1980.

Morris filed a supplemental motion to impose sanctions on November 8, 1979, based upon the Linds' failure to produce the tapes by November 1. At the hearing on this motion, the Linds' attorney informed trial court that the Linds did not have the requested cash register tapes, and that all the documents in their possession had been made available to Morris. In a subsequent order filed January 18, 1980, trial court found that the Linds had been dilatory in informing Morris of this fact, and based upon this delay concluded the imposition of discovery sanctions was appropriate due to

their noncompliance with the order of May 22, 1979. Trial court determined that the striking of the Linds' demand for jury trial would be the proper sanction to be imposed. Trial court apparently took this particular action in part because the case could be resolved more expeditiously if tried to the court, due to the overcrowded condition of the jury trial docket. The Linds then sought permission to appeal this order pursuant to Iowa R.App.P. 2, which this court granted.

The Linds' primary contention on this appeal is that trial court was without authority to strike their demand for jury trial as a sanction for noncompliance with a discovery order. The imposition of such a sanction, they argue, contravenes their constitutional right of trial by jury.

I. Article I, section 9 of the Iowa Constitution provides in pertinent part: "The right of trial by jury shall remain inviolate . . . ." The decision in this case turns on the scope and effect of this constitutional guarantee.

While we have previously recognized that the legislature may adopt reasonable regulations concerning procedure in civil cases which may affect the right to a jury trial, *Schloemer v. Uhlenhopp*, 237 Iowa 279, 282, 21 N.W.2d 457, 458 (1946) (requirement of Iowa R.Civ.P. 177 that litigant file jury demand does not contravene article I, section 9), or the unanimity of the verdict, *Pitcher v. Lakes Amusement Co.*, 236 N.W.2d 333 (Iowa 1975) (Iowa R.Civ.P. 203(a), allowing nonunanimous jury verdicts, does not violate constitutional guarantee of trial by jury), we have continued to characterize this right as "substantial." *E.g.*, *Katcher v. Heidenwirth*, 254 Iowa 454, 463, 118 N.W.2d 52, 57 (1962). Other of our interpretations of article I, section 9 have emphasized this fact, concluding that the right of trial by jury is to be preserved and should not be impaired except for compelling reasons. *Morningstar v. Myers*, 255 N.W.2d 159, 161 (Iowa 1977); *Conrad v. Dorweiler*, 189 N.W.2d 537, 539 (Iowa 1971). Against this background, we now turn to the question presented by this appeal.

II. Iowa R.Civ.P. 134(b)(2) provides that sanctions may be imposed upon a litigant for failure to comply with discovery orders. It states that trial courts, in cases of noncompliance, "may make such orders in regard to the failure as are just, and among others the following:"

(A) An order that matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Iowa R.Civ.P. 134(b)(2)(A)–(D).

■ As a general rule, trial courts possess broad discretion with respect to the imposition of discovery sanctions. *See, e. g., Eickelberg v. Deere & Co.*, 276 N.W.2d 442, 446 (Iowa 1979); *Haumerson v. Ford Motor Co.*, 257 N.W.2d 7, 13–14 (Iowa 1977). We are convinced, however, that striking a recalcitrant party's demand for jury trial is inappropriate as a discovery sanction under rule 134(b)(2).

Initially, we note that the federal courts have recognized constitutional limitations on the imposition of sanctions pursuant to Fed.R.Civ.P. 37. *See Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255, 1265 (1958); *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 350–51, 29 S.Ct. 370, 380, 53 L.Ed. 530, 544–45 (1909); *Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897). *See generally* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2283 (1970). Rule 134 is closely patterned after Fed.R.Civ.P. 37, *see Smiley v. Twin City Beef Co.*, 236 N.W.2d 356, 359–60 (Iowa 1975), and decisions in the federal courts interpreting that rule are of persuasive authority. *Cf. Folkner v. Collins*, 249 Iowa 1141, 1145–47, 91 N.W.2d 545, 547–48 (1958) (similarity between Fed.R. Civ.P. 13(a) and Iowa R.Civ.P. 29 justifies affording persuasive consideration to federal decisions interpreting the latter). Although the impact of the seventh amendment's guarantee of the right of trial by jury on the imposition of discovery sanctions has apparently never been addressed, it is clear that the use of sanctions pursuant to rule 37 is limited by the due process clause of the fifth amendment. We believe that a similar approach must be taken in assessing the propriety of striking a jury demand under Iowa R.Civ.P. 134(b)(2). The rule cannot be read in a vacuum, ignoring the plain language of article I, section 9. Rather, it must be considered in light of, and is limited by the constitutional mandate that "[t]he right of trial by jury *shall remain inviolate....*" (Emphasis added.) Plainly, once demanded, as required by Iowa R.Civ.P. 177, trial by jury becomes a matter of right. *See Egan v. Egan*, 212 N.W.2d 461, 464 (Iowa 1973). Reading rule 134(b)(2) in conjunction with article I, section 9, we conclude that a party may not be divested of that fundamental right for failure to comply with a discovery order.

Additional considerations lend further support to our conclusion. None of the

sanctions suggested in rule 134(b)(2)(A)–(D) that may be employed by trial courts in dealing with disobedient parties directly impinges upon a constitutional guarantee. At most, the provisions would remove the claim of a litigant. *See* Iowa R.Civ.P. 134(b)(2)(C). In contrast, however, the sanction levied by trial court here expunges from the litigation an integral, constitutional component of the trial mechanism which could otherwise be absent only if waived.

We recognize that certain sanctions approved by the rule, including dismissal of an action when appropriate, may at first blush appear more drastic than the disallowance of a jury trial. It is important to note, however, that the suggested sanctions emanate from procedural due process; that is, they are the culmination of the process prescribed in rule 134(b)(2) for the imposition of sanctions, and thus fulfill the constitutional requirement of due process of law. Iowa Const. art I, § 9. Significantly, they do not directly impinge upon a constitutional right. In this case, however, the contrary is true; trial court's order would eviscerate a constitutional guarantee.

Moreover, the underlying purposes of discovery sanctions, ensuring effective discovery procedure, *see* 2 Iowa R.Civ.P. Annot., comment at 329 (3d ed. 1970); 8 C. Wright & A. Miller, § 2281, and deterring future noncompliance, *see National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747, 751 (1976) (per curiam), could be equally well-served by less intrusive alternatives. That is to say, there are other sanctions available to a trial court which could effectuate these underlying purposes without directly encroaching upon the constitutional guarantee of trial by jury.

Finally, our prior decisions concerning the relationship between the right of trial by jury and the regulation of procedure in civil litigation compel the conclusion we have drawn. As noted earlier, we have previously recognized that the legislature may make reasonable regulations concerning procedures in civil cases which pertain to the right to a jury trial, *Schloemer v.*

*Uhlenhopp,* 237 Iowa 279, 282, 21 N.W.2d 457, 458 (1946); *Pitcher v. Lakes Amusement Co.,* 236 N.W.2d 333, 334–38 (Iowa 1975); that right, however, may not be "materially impaired." *Schloemer,* 237 Iowa at 282, 21 N.W.2d at 458. Thus, while it is now settled that selection, size and unanimity in verdict are not unalterable incidents of a jury trial, the fundamental right of trial by jury itself, guaranteed by the Iowa Constitution, is perforce beyond the reach of the legislature and the courts. As succinctly stated in *Pitcher,* "We believe and hold Article I § 9 protects the *right* to a jury trial and not any particular feature thereof." *Pitcher,* 236 N.W.2d at 338 (emphasis in original). Hence, while the constitution does not dictate a precise *format* for jury trials, it does mandate that the *right* of trial by jury "remain inviolate." None of the procedural regulations upheld in our prior decisions operated to deprive a litigant of his right of trial by jury once it had been asserted. That result, however, would obtain were we to interpret rule 134(b)(2) to authorize as a discovery sanction the striking of a party's jury demand. Such an interpretation would clearly abridge the constitutional guarantee of trial by jury, and consequently cannot be permitted.

We conclude that the foregoing considerations dictate that the denial of a litigant's right to a jury trial is not available as a sanction for failure to obey a discovery order. Accordingly, we reverse trial court's order striking the Linds' jury demand, and remand for consideration of the imposition of other, appropriate discovery sanctions.

REVERSED AND REMANDED.