Margret A. SUCKOW and Benny L. Suckow, Appellants,

v.

BOONE STATE BANK & TRUST, CO., an Iowa Corporation, Heritage State Bank, a Minnesota Corporation, Steve Ketelson, Michael Knox, Greg Ramsdell, and Al Mathis, Appellees.

No. 65960.

Supreme Court of Iowa.

Jan. 20, 1982.

Kathleen E. Keest of Legal Services Corp. of Iowa, Des Moines, for appellants.

W. K. Doran, Boone, for appellees Boone State Bank & Trust Co., Steve Ketelson and Michael Knox.

Harold N. Schneebeck, Jr., and Robert A. Hutchinson of Brown, Winick & Graves, Des Moines, for appellees Heritage State Bank and Greg Ramsdell.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McGIVERIN and SCHULTZ, JJ.

McGIVERIN, Justice.

Plaintiffs appeal trial court's dismissal of their petition as a sanction for failing to attend at their own depositions after being served with proper notice thereof. Iowa R.Civ.P. 134(d). The appeal raises two controlling issues: (1) whether plaintiffs properly moved to reconsider pursuant to Iowa R.Civ.P. 179(b), after the ruling imposing sanctions, and thus extended the time for filing their appeal; and (2) whether trial court properly found that plaintiffs willfully failed to appear for their depositions and, if so, whether it abused its discretion in dismissing plaintiffs' action as a sanction for failure to make discovery. We conclude we have jurisdiction of the appeal and uphold the court's finding of willfulness but reverse trial court's dismissal. We remand for further proceedings.

Plaintiffs filed, on April 1, 1980, a petition seeking recovery from defendants for trespass, conversion and violation of various provisions of the Iowa and Federal Debt Collection Practices Acts. §§ 537.-7101–.7103, The Code; § 15 U.S.C. 1692 (1978). Defendants Boone State Bank & Trust Company (BSB), and its employees, Steve Ketelson and Michael Knox, appeared and thereafter filed motions to dismiss on three separate grounds not relevant to this appeal.[1]

On May 20 plaintiffs filed notice to take the depositions of defendants Ketelson and Knox on May 28. On May 23 BSB gave and filed notice to take the depositions of plaintiffs at the same place on May 28 at 1:00 p.m. Iowa R.Civ.P. 140. This notice was addressed to plaintiffs and their attorney. Plaintiffs' attorney took the depositions of Ketelson and Knox on the morning of May 28. Defendants Heritage State Bank (HSB) and Greg Ramsdell filed an appearance on May 28 and were represented by counsel at the depositions.[2] Plaintiffs failed to appear at any time on May 28 and were not present to be deposed in accordance with the notice given them. The absence was allegedly due to mechanical failure of plaintiffs' motor vehicle.

On May 30 defendants BSB, Ketelson and Knox renewed their prior motions to dismiss, adding the ground that under Iowa R.Civ.P. 134(d) dismissal was proper to sanction the failure of plaintiffs to attend their depositions after they had received notice thereof. Plaintiffs resisted.

On June 10 defendants HSB and Greg Ramsdell also moved to dismiss plaintiffs' action pursuant to rule 134(d). Plaintiffs resisted. An evidentiary hearing was held on the motions. On September 17 trial court found that plaintiffs' failure to attend their depositions was willful and dismissed their petition against all defendants.

Plaintiffs filed a motion to reconsider pursuant to Iowa R.Civ.P. 179(b) on September 25. Defendants resisted and on November 5 trial court overruled the motion. Plaintiffs appealed on December 1.

I. *Motion to reconsider pursuant to Iowa R.Civ.P. 179(b).* Defendants HSB and

---

1. These motions involved the fact that plaintiffs had filed a petition in bankruptcy in U. S. District Court and sought discharge from obligations plaintiffs owed to defendant banks. Plaintiffs had not initially listed their current claims against the banks as an asset on their bankruptcy schedules. Plaintiffs obtained a discharge in bankruptcy on April 7, 1980.

2. There is no record as to whether defendant Al Mathis ever appeared. Defendants HSB and Ramsdell as non-residents of Iowa had 60 days from service of original notice to appear, move or answer. Iowa R.Civ.P. 53. Their attendance at the deposition permitted the depositions to be used against them in the same manner as those parties who had received due notice of the depositions. Iowa R.Civ.P. 144.

Ramsdell contend plaintiffs' motion to reconsider pursuant to Iowa R.Civ.P. 179(b) was not sufficient to extend the thirty day time limit for taking an appeal under Iowa R.App.P. 5. We do not agree.

Rule 179 provides, in pertinent part:

(a) The court trying an issue of fact without a jury, whether by equitable or ordinary proceedings, shall find the facts in writing, separately stating its conclusions of law; and direct an appropriate judgment. . . .

(b) On motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted.

■ Rule 179 applies only when the court is trying an issue of fact without a jury. *Kagin's Numismatic Auctions v. Criswell*, 284 N.W.2d 224, 226 (Iowa 1979); *Budde v. City Development Board*, 276 N.W.2d 846, 851 (Iowa 1979). Defendants HSB and Ramsdell concede, and we determine as explained in division II, that trial court did find facts without a jury as to the issue of plaintiffs' willfulness in failing to attend the May 28 depositions. Thus, rule 179 applies in this case.

■ HSB and Ramsdell assert that plaintiffs' motion to reconsider was addressed only to a legal issue in trial court's judgment, and not a factual finding, and was therefore insufficient under rule 179(b) to extend the thirty day limit of Iowa R.App.P. 5.[3] This assertion is erroneous for two reasons. First, plaintiffs did challenge

the findings of fact in trial court's judgment, at least as to BSB.[4]

Second, rule 179(b) is not limited to findings of fact. By its terms it applies to "findings and conclusions." When read in context with rule 179(a), it is clear that rule 179(b) applies to findings of fact and conclusions of law. In *Arnold v. Lang*, 259 N.W.2d 749, 753 (Iowa 1977), we said, "it is now well settled a rule 179(b) motion is essential to preservation of error when a trial court fails to resolve an issue, claim, defense or legal theory properly submitted for adjudication." *Arnold* suggests rule 179(b) motions can be directed at legal conclusions.

■ Rule 179(b) was amended in 1973.[5] The amendment gave trial courts the power to enlarge or amend their conclusions in addition to their findings. *City of Eldridge v. Caterpillar Tractor Co.*, 270 N.W.2d 637, 642 (Iowa 1978) (Harris, J., dissenting). Prior to that time the rule provided only for an enlargement of the findings. We hold that rule 179(b) motions may be directed at findings of fact and conclusions of law.

■ Plaintiffs' motion to reconsider asked trial court to enlarge its ruling so as to distinguish between defendants HSB and Ramsdell, who had not filed notice to take depositions, and defendants BSB, Ketelson and Knox, who had filed such notice. The legal significance of this request is that Iowa R.Civ.P. 134(d) allows a sanction when a party *who has received proper notice* fails to attend a deposition. Because trial court dismissed plaintiffs' action against all defendants, plaintiffs' request for a clarification of the legal grounds supporting dis-

---

3. Iowa R.App.P. 5 provides, in part:
    (a) Appeals to the supreme court must be taken within, and not after, thirty days from the entry of the order, judgment or decree, unless a motion for new trial or judgment notwithstanding the verdict as provided in R.C.P. 247, or a motion as provided in R.C.P. 179 "b" is filed, and then within thirty days after the entry of the ruling on such motion. . . .

4. Plaintiffs asked, in less than specific terms, that trial court "reconsider its decision to grant

Defendant Boone State Bank's motion to dismiss." Because the Iowa R.Civ.P. 134(d) dismissal was based on a finding that "the absence of the Plaintiffs on the date fixed for the taking of the depositions was willful" the prayer to reconsider necessarily advances a challenge to a finding of fact.

5. Rule 179(b) provided, before the 1973 amendment: "On motion joined with or filed within the time allowed for a motion for a new trial, the findings may be enlarged or amended, and the judgment modified accordingly."

missal as against HSB and Ramsdell was within the scope of rule 179(b).[6]

Although plaintiffs' proper rule 179(b) motion was overruled on November 5, it served to extend the time for appeal pursuant to Iowa R.App.P. 5 by plaintiffs as to all defendants. Plaintiffs' appeal was, therefore, timely and we have jurisdiction over it.

II. *Iowa R.Civ.P. 134(d) motion to dismiss.* Plaintiffs contend it was an abuse of discretion for trial court to grant defendants' motion to dismiss on rule 134(d) grounds. We agree.

Rule 134(d) provides, in part:

If a party . . . fails

(1) To appear before the officer who is to take his deposition, after being served with proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs "A", "B", and "C" of subdivision "b" (2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Rule 134(b)(2) provides for discovery sanctions including, *inter alia,* orders designating certain facts established, orders prohibiting admission of certain evidence, orders striking pleadings, and dismissal of the action.

Plaintiffs' attorney received proper notice of taking depositions from defendant BSB through W. K. Doran, attorney for BSB, on May 23. Iowa R.Civ.P. 140(b)(1). Doran was also attorney for defendants Ketelson and Knox. Plaintiffs' failure to attend the May 28 depositions enabled trial court to impose sanctions pursuant to rule 134(d).

■■ Imposition of discovery sanctions by trial court is discretionary and will not be reversed unless there has been an abuse of discretion. *State ex rel. Parcel v. St. John,* 308 N.W.2d 8, 10 (Iowa 1981); *Eickelberg v. Deere & Co.,* 276 N.W.2d 442, 446 (Iowa 1979); *White v. Citizens National Bank of Boone,* 262 N.W.2d 812, 816 (Iowa 1978); *Haumersen v. Ford Motor Co.,* 257 N.W.2d 7, 14 (Iowa 1977); *Sandhorst v. Mauk's Transfer, Inc.,* 252 N.W.2d 393, 399 (Iowa 1977). Where, however, the sanction selected by trial court is dismissal of the action, the range of discretion is narrowed. *Smiley v. Twin City Beef Co.,* 236 N.W.2d 356, 360 (Iowa 1975). In order to justify dismissal of the action, a party's non-compliance must be due to willfulness, fault or bad faith. *Fox v. Studebaker-Worthington, Inc.,* 516 F.2d 989, 993 (8th Cir. 1975); *McQuillen v. City of Sioux City,* 306 N.W.2d 789, 791 (Iowa 1981); *Smiley,* 236 N.W.2d at 360.

■ Trial court found plaintiffs' absence from the May 28 deposition was willful. We find no reason to question that finding. The court could well have disbelieved plaintiffs' evidence as to the reason they did not appear for their depositions. However, we conclude that dismissal of this action for willfully being absent from a single deposition is, in this case, too severe a sanction and an abuse of trial court discretion. A review of our recent discovery sanction cases supports this conclusion. These cases may be divided into two classes: (1) violation of a trial court discovery order and; (2) violation solely of a rule of civil procedure relating to discovery.

A. *Violation of trial court order.* In *St. John,* a putative father in a paternity action under chapter 252A, The Code, failed to comply with two orders that he pay $210

---

6. Plaintiffs' failure to argue on appeal the distinction between the two sets of defendants vis-a-vis a rule 134(d) sanction constitutes a waiver of that issue. Iowa R.App.P. 14(a)(3). We do not, therefore, address the issue of whether co-parties must each file individual notices of taking depositions to invoke discovery sanctions. Neither do we address the issue of whether plaintiffs waived the right to challenge the rule 134(d) sanction as to HSB and Ramsdell by failing to promptly object pursuant to Iowa R.Civ.P. 158(a).

for blood tests taken. 308 N.W.2d at 9. We found trial court's sanction under Iowa R.Civ.P. 134(b)(2)(c), entry of default judgment establishing paternity, was an abuse of discretion. *Id.* at 10.

In *McQuillen*, plaintiff's action was dismissed after he failed to comply with an order to submit to a medical examination pursuant to Iowa R.Civ.P. 132. 306 N.W.2d at 790. We upheld the sanction. *Id.* at 792.

In *Haumersen*, trial court sanctioned defendants' failure to comply with two orders compelling answers to interrogatories by entering a protective order excluding the presentation of certain evidence by defendant. 257 N.W.2d at 12–13. We found no abuse of discretion and affirmed the sanction. *Id.* at 14.

In *Smiley*, trial court ordered defendant's counterclaim struck and entered judgment for plaintiff to sanction defendant's noncompliance with "an order overruling plaintiff's application for entry on default judgment under rule 134 *on condition that* defendant file answers to ... interrogator[ies]. . . ." 236 N.W.2d at 358 (emphasis in original). We affirmed the sanction. *Id.* at 360.

In *Bos Lines, Inc. v. Phillips*, 226 N.W.2d 819, 820–21 (Iowa 1975), the plaintiff's petition was dismissed after it failed to comply with an order to produce papers and records. We said: "Although less drastic remedies were available, we find no abuse in the lower court's dismissal of plaintiff's petition." *Id.* at 821.

In *Zimmerman v. Purex Corp.*, 256 Iowa 190, 125 N.W.2d 822 (1964), trial court sanctioned defendant's failure to comply with an order to answer interrogatories "with no time fixed by the court" by striking the defendant's answer. *Id.* at 192–93, 125 N.W.2d at 823. We held the sanction was improper because the trial court had not ordered a time limit in which defendant was required to answer. *Id.* at 194, 125 N.W.2d at 824–25. We said: "While the appellant may have violated the spirit of the Rules of Civil Procedure by its lack of diligence in complying with the court's order to answer, it cannot be said there was

violation of any specific order of the court or a delinquency such as to warrant the extreme action taken." *Id.* at 194–95, 125 N.W.2d at 825.

B. *Violation of a rule of civil procedure.* In *Eickelberg*, trial court refused to impose a sanction on defendant's allegedly belated response to plaintiff's interrogatories. 276 N.W.2d at 446. We found no abuse of discretion and affirmed. *Id.*

In *White*, trial court sanctioned plaintiff's failure to comply with Iowa R.Civ.P. 125 (supplementation of discovery responses) by refusing to permit certain testimony as to damages. 262 N.W.2d at 815–16. We found no abuse of discretion and affirmed the sanctions stating that, "trial courts have inherent power to enforce our discovery rules and have discretion to impose sanctions for a litigant's failure to obey them." *Id.* at 816.

In *Sandhorst*, defendant wrongfully failed to make pretrial requested admissions pursuant to Iowa R.Civ.P. 127. 252 N.W.2d at 395, 399. We affirmed trial court's allowance, as a sanction, of $300 in attorney's fees to plaintiff pursuant to rule 134(c). *Id.* at 395, 400.

A comparison of the two classes of cases set out above makes it clear that dismissal is a discovery sanction generally used when a party has violated a trial court's order. *See Zimmerman*, 256 Iowa at 194–95, 125 N.W.2d at 825. When no trial court order has been disobeyed, a lesser sanction may be indicated. It was an abuse of discretion to dismiss plaintiffs' petition under this record. Therefore, the order dismissing the petition is reversed and the case remanded for further proceedings consistent with this opinion, including consideration of other appropriate discovery sanctions. *R. E. Morris Investments, Inc., v. Lind*, 304 N.W.2d 189, 192 (Iowa 1981).

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

All justices concur except HARRIS, J., who dissents.

427

HARRIS, Justice (dissenting).

I do not believe the dismissal ordered here was an abuse of discretion. I would affirm the trial court.