**Douglas A. SCHWARZ, Appellant,**

v.

**Rick L. MEYER, Appellee.**

**No. 92–539.**

Court of Appeals of Iowa.

March 30, 1993.

David Scieszinski, Wilton, for appellant.

Edward B. Harris of Nagle, Harris, Cook, Payson & Doughty, Davenport, and Brian J. Dowd, Des Moines, for appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

This appeal arises from the trial court's dismissal of plaintiff's petition for failing to comply with discovery. On August 2, 1991, plaintiff Douglas A. Schwarz commenced an action against defendant Rick L. Meyer for personal injuries suffered in a motor vehicle collision. Meyer filed an answer and affirmative defenses on August 28, 1991. Meyer also served interrogatories and a request for production of documents upon Schwarz on that date.

On October 1, 1991, October 31, 1991, and December 9, 1991, Meyer made written requests for answers to his interrogatories and production of the requested documents. Schwarz's attorney forwarded unsigned answers to the interrogatories to defense counsel on December 20, 1991.

In turn, Meyer filed a motion to compel Schwarz to answer interrogatories and produce documents on January 23, 1992. On January 31, 1992, Schwarz allegedly filed with the clerk and mailed to defense counsel signed and sworn answers to interrogatories and a response to the request for production of documents. The clerk entered the answers, in an abbreviated form, on the computer docket as "DEFS FIRST SET OF INTERROG PROPOUNDED TO PLTF" and indicated the document was submitted by defense counsel. Defendant contends the answers did not have an appropriate cover sheet attached. Defendant also asserts he never received a set of signed answers to the interrogatories. Plaintiff failed to provide certification of service until April 3, 1992.

On February 3, 1992, the district court entered an order, without hearing, directing Schwarz to serve and file signed answers and produce requested documents on or before February 18, 1992. On February 25, 1992, Meyer filed a motion for sanctions, asking the district court to dismiss Schwarz's action for failure to comply with the February 3, 1992, order. Schwarz resisted the motion for sanctions and advised the court the signed answers had been filed and served. On March 10, 1992, the district court, without hearing, entered an order finding Schwarz had failed to comply with its prior order and dismissed Schwarz's action.

Schwarz filed a certificate of service concerning the signed answers on April 3, 1992. Meyer claims he has never received a signed copy of the answers to interrogatories.

Schwarz appeals, contending the trial court erred in granting defendant's motion to compel discovery, and erred in dismissing plaintiff's petition. Schwarz argues he complied with discovery by filing and serving signed interrogatories on January 31, 1992, which was before the court filed its order compelling discovery on February 3, 1992.

We do not reverse a trial court's imposition of discovery sanctions unless the trial court abused its discretion. *Kendall/Hunt Publishing Co. v. Rowe*, 424 N.W.2d 235, 240 (Iowa 1988) (citing *Sullivan v. Chicago & Northwestern Transp. Co.*, 326 N.W.2d 320, 324 (Iowa 1982)). An abuse of discretion exists only when the trial court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Rowen v. LeMars Mut. Ins. Co.*, 357 N.W.2d 579, 583 (Iowa 1984). Where the trial court's sanction consists of dismissal, however, the range of the court's discretion is narrowed. *Suckow v. Boone State Bank & Trust Co.*, 314 N.W.2d 421, 425 (Iowa 1982). Before a trial court can impose a discovery sanction such as dismissal of a cause of action, it must find a party's noncompliance with a discovery request was the result of willfulness, fault, or bad faith. *Id.* (citations omitted).

We review the record in this case as it existed on February 3, 1992, when the court filed an order compelling discovery, and on March 10, 1992, when the court dismissed Schwarz's cause of action for failure to comply with its previous order. Neither the motion for sanctions nor the trial court order state Schwarz's failure to comply was the result of willfulness, fault,

or bad faith on the part of plaintiff or plaintiff's counsel. Schwarz asserts he answered the interrogatories within the time specified by the court. The record indicates signed interrogatories were filed on January 31, 1992. Although Schwarz failed to answer several interrogatories, he objected to the unanswered interrogatories on the basis Meyer had served more than thirty interrogatories upon him. Iowa Rule of Civil Procedure 126 prohibits a party from serving more than thirty interrogatories upon another party without an agreement between the parties or leave of court granted upon a showing of good cause. Iowa R.Civ.P. 126. Neither an agreement between the parties nor a court order exists to justify serving more than thirty interrogatories upon Schwarz. Rule 126 also provides "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer." *Id.*

 Before a court can impose discovery sanctions, an affected party must be afforded the opportunity of a hearing. *See Schwarzenbach v. Schwarzenbach,* 446 N.W.2d 475, 477 (Iowa App.1989). Schwarz's objections should have been resolved before the trial court filed an order compelling discovery. In resisting Meyer's motion for sanctions, Schwarz tried to bring to the trial court's attention he had filed answers to Meyer's interrogatories before the February 18, 1992, deadline set by the court's order. The Iowa Supreme Court, in *Kendall/Hunt Publishing Company v. Rowe,* stated:

> Prior to dismissal or entering a default judgment, fundamental fairness should require a district court to enter an order to show cause and hold a hearing, if deemed necessary, to determine whether assessment of costs and attorney fees or even an attorney's citation for contempt would be a more just and effective sanction.

*Kendall,* 424 N.W.2d at 241. A hearing could have brought all the circumstances of this case to light.

We conclude the trial court abused its discretion in filing an order compelling discovery and subsequently dismissing plaintiff's cause of action based on plaintiff's alleged failure to comply with its order. We reverse the trial court's decision and vacate the sanctions imposed. The plaintiff's petition is reinstated. We remand this case for further regular district court proceedings.

**REVERSED AND REMANDED.**