# IN THE COURT OF APPEALS OF IOWA

No. 16-2088
Filed November 8, 2017

**SCOTT RUETER and TRICIA RUETER,**
        Plaintiffs-Appellants,

**vs.**

**OSCEOLA WINDPOWER, LLC,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Osceola County, Carl J. Petersen, Judge.


        Scott and Tricia Rueter appeal the dismissal of their action for nuisance and negligence concerning the construction, placement, and operation of wind turbines owned by Osceola Windpower, LLC.  **AFFIRMED.**


        Steven Hamilton of Hamilton Law Firm, P.C., Storm Lake, for appellants.

        William G. Beck and Sander J. Morehead of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, South Dakota, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Scott and Tricia Rueter appeal the dismissal of their action for nuisance and negligence concerning the construction, placement, and operation of wind turbines owned by Osceola Windpower, LLC (Osceola Windpower). The Rueters argue the district court abused its discretion in dismissing their petition for failing to comply with court orders and discovery rules. Because the district court did not abuse its discretion in dismissing the action, we affirm.

The genesis of this appeal was Osceola Windpower's installation of wind turbines near the Reuters' rural Osceola County home in 2008. Unhappy with the noise and disturbance the wind turbines caused, the Reuters filed a petition against Osceola Windpower in January 2010, alleging the wind turbines created a nuisance and seeking damages and injunctive relief. Litigation pended for nearly seven years without reaching trial.[1] In the final two years of litigation,

---

[1] The Rueters were initially represented by Gregg Owens. During Owens's representation, trial was originally scheduled to begin in May 2011 and was later rescheduled for dates in July 2012, February 2013, November 2013, July 2014, and January 2015. The record reveals Owens did nothing to otherwise advance the prosecution of the action during his representation. The Rueters did not propound discovery requests to Osceola Windpower in the first four years after filing the action. Although Osceola Windpower sent the Rueters discovery requests shortly after answering the petition, the Rueters' failure to answer led the court to grant Osceola Windpower's motion to compel discovery in September 2010.

After Owens left private practice in May 2014 and withdrew from representing the Rueters, Abby Walleck, Owens's former law firm partner, briefly represented them. Walleck designated five expert witnesses in June 2014 and served Osceola Windpower with the Rueters' first discovery requests.

In September 2014, Steven Hamilton made an appearance on the Rueters' behalf after Osceola Windpower filed its second motion for partial summary judgment. At that time, the Rueters amended their petition to add a claim for negligent construction, placement, and operation of the wind turbines. An October 2014 order granted a sixth continuance of trial, setting trial for September 2015. In a December 2014 order ruling on Rueters' motion to continue to avoid the application of Rule 1.944, the court noted, it was granting the continuance "on tenuous grounds as it appears that this entire proceeding has not been prosecuted by [the Rueters] with due diligence," and the court opined that "substitute counsel has attempted to rectify this situation." Trial was

Osceola Windpower filed three motions to dismiss the action based on the Rueters' failure to comply with court orders and the Iowa discovery rules. *See* Iowa Rs. Civ. P. 1.517(b)(3) (allowing the court to dismiss an action if a party fails to obey an order to provide or permit discovery), 1.945 (allowing a party to move to dismiss any action "if the party asserting it fails to comply with . . . any order of court"). The district court granted the third motion to dismiss in December 2016. The Rueters appealed.

We review the district court's order for an abuse of discretion. *See Troendle v. Hanson*, 570 N.W.2d 753, 755 (Iowa 1997). "An abuse of discretion consists of a ruling which rests upon clearly untenable or unreasonable grounds." *See id.* However, the range of the court's discretion narrows when it dismisses an action under rule 1.517. *See Kenall/Hunt Pub. Co. v. Rowe*, 424 N.W.2d 235, 240 (Iowa 1988). Dismissal is inappropriate in the absence of willfulness, fault, or bad faith. *See Wagner v. Miller*, 555 N.W.2d 246, 249 (Iowa 1996). Generally, a sanction of dismissal is only appropriate when a party has violated a court order; where the district court imposes the sanction of dismissal for something less, our supreme court has typically found an abuse of discretion. *See Suckow v. Boone State Bank & Trust Co.*, 314 N.W.2d 421, 426 (Iowa 1982) (analyzing cases).

The dispute at issue concerns the Rueters' failure to provide requested discovery concerning their calculation of damages. The district court entered an order in January 2015 resetting a new deadline requiring disclosure of this

---

rescheduled twice thereafter—first for a date in March 2016 and then for a date in November 2016. The November 2016 trial date was removed from the calendar and never rescheduled due to the court's dismissal order.

information within ninety days. When the Rueters failed to provide the information as ordered, the district court entered an October 2015 order imposing monetary sanctions on Rueters' counsel for his failure to provide discovery. In February 2016, after the Rueters failed to inform Osceola Windpower of their updated damage calculation, the court ordered the Rueters to disclose an updated calculation within thirty days and warned that the Rueters were "dangerously close to overly frustrating the litigation process." Still, the Rueters failed to disclose and supplement the discovery requests as ordered by the court and as required by our rules. These failures delayed at least two witness depositions and, ultimately, the trial. In December 2016, after finding it "apparent" that the Rueters had violated the orders, the district court determined dismissal was warranted based on the Rueters "continual lack of prosecution" of the action.

On appeal, the Rueters attempt to downplay the seriousness of the failures to provide and supplement discovery responses, claiming the discovery violations only existed "in the mind of defense counsel." They also claim the only established violation "was a minor issue" of failing to provide answers to interrogatories concerning damages, which they claim was "inadvertent." We disagree with their characterization. In viewing the record before us, we ask whether the Rueters failed to comply with previous orders of the court and find they did. Whether the Rueters themselves did so willfully is irrelevant so long as their attorney's action—or inaction—may serve as the basis for the dismissal. *See Wagner*, 555 N.W.2d at 249. It is disingenuous to claim counsel's delinquent efforts to comply with the discovery rules and the prior court orders

were merely oversight and inadvertent when Osceola Windpower had filed two previous motions to dismiss on this basis, the Rueters counsel had been sanctioned for his failure to comply with a prior court order, and the court had warned that the Rueters were "dangerously close" to frustrating the litigation process by failing to provide the discovery responses. Despite having multiple opportunities to comply, the Rueters failed to do so. On this record, there is substantial evidence to support the finding that the Rueters willfully failed to comply with the court's prior orders. *See id.* (finding plaintiffs' failure to comply with two court orders to answer interrogatories was substantial evidence of willful contemptuousness, supporting dismissal of the action). The fact that lesser sanctions were available is irrelevant. *See id.* So, too, is the fact that Osceola Windpower requested some of the continuances when it was the Reuters' failures that made the continuances necessary.

Because the failure to comply with the court's orders justifies the sanction of dismissal, the court did not abuse its discretion in ordering dismissal. We affirm.

**AFFIRMED.**