**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**George R. REMER, Respondent.**

No. 00–0066.

Supreme Court of Iowa.

Sept. 7, 2000.

Dee Ann Wunschel of Wunschel Law Firm, P.C., Carroll, for respondent, and George R. Remer, Battle Creek, pro se.

Norman G. Bastemeyer and David J. Grace, Des Moines, for complainant.

TERNUS, Justice.

This matter comes before the court for a de novo review of the findings of fact, conclusions of law, and recommendations of the Grievance Commission of the Iowa Supreme Court. *See* Ct. R. 118.10. Because we conclude that the Commission erred in admitting into evidence two district court rulings in a related civil case, we vacate the Commission's report and remand this matter to the Commission for a new hearing.

## I. *Procedural Background.*

The respondent, George Remer, acted as the guardian and conservator of his aunt, Bessie Jordan, for many years prior to her death in 1992. In 1996, the administrator of Jordan's estate filed a petition in the conservatorship against Remer and Garden Farms, Inc., a corporation owned by Remer's wife, Carol. The administrators sought various forms of relief based, in part, on Remer's alleged self-dealing and breaches of fiduciary duty. Simultaneously, the administrators filed a petition in the estate seeking damages from Carol Remer. These actions were consolidated and tried to the court in equity.

The court found that Remer had engaged in self-dealing and had breached his fiduciary duties to Jordan. A judgment for damages was entered in favor of the administrators against Remer, his wife, Carol, and Garden Farms, Inc. The court's decree was later amended in particulars not pertinent to this disciplinary action.

In an opinion issued today, this court, in a de novo review of the judgment in the civil suit, held that the issue to be decided was whether the transactions in which Remer engaged on behalf of the conservatorship should be approved. *In re Guardianship & Conservatorship of Jordan*, 616 N.W.2d 553, 556 (Iowa 2000). We held that the challenged transactions should not be approved either because they were not advantageous to the ward or because the ward did not have any obligation for the alleged debts paid from conservatorship funds. *Id.* at 556. Accordingly, we affirmed the money judgment against Remer and Garden Farms, Inc., but reversed that part of the court's order refusing to set aside the sale of Jordan's farm to Remer. *Id.* at 557.

Upon completion of the civil matter in the district court, the Iowa Supreme Court Board of Professional Ethics and Conduct filed a complaint against Remer alleging that his conduct in connection with the Jordan guardianship and conservatorship violated the Iowa Code of Professional Responsibility. The Board stated that it intended to rely on the doctrine of issue preclusion to prove the allegations of the complaint. Remer filed an answer and statement of affirmative defenses.

The matter was heard before a division of the Grievance Commission. At the hearing, the Board offered three exhibits: (1) an order of public reprimand issued by the Iowa Supreme Court against Remer in 1987; (2) the district court's decree in the civil matter; and (3) the court's later amendment to its decree. The Board introduced no other evidence.

The Grievance Commission issued its report finding that Remer, as Jordan's fiduciary, had engaged in a long course of extreme and pervasive self-dealing. The Commission concluded that Remer had violated several provisions of the Iowa Code of Professional Responsibility. Although the Commission made no findings that the prerequisites for application of the issue preclusion doctrine were met, it implicitly found the doctrine applicable because there was no factual basis for its findings other than the two district court rulings.

The matter is now before this court for our de novo review pursuant to Court Rule 118.10. Although we give respectful consideration to the Commission's findings, conclusions and recommendations, it is ultimately the responsibility of this court to determine whether discipline is appropriate. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Apland*, 577 N.W.2d 50, 52 (Iowa 1998). The Board must prove the alleged ethical violations by a convincing preponderance of the evidence. *See id.*

In evaluating the strength of the case presented by the Board, we must first

determine whether the doctrine of issue preclusion was properly applied. Our decision on that question will govern the propriety of the Commission's acceptance into evidence of the two district court orders entered in the civil case.

## II. *Applicability of Issue Preclusion.*

■ Court Rule 118.7 provides in part as follows:

Principles of issue preclusion may be used by either party in a lawyer disciplinary case if:

1. The issue has been resolved in a civil proceeding that resulted in a final judgment, even if the Iowa Supreme Court Board of Professional Ethics and Conduct was not a party to the prior proceeding;

2. *The burden of proof in the prior proceeding was greater than a mere preponderance of the evidence;* and

3. The party seeking preclusive effect has given written notice to the opposing party, not less than ten days prior to the hearing, of the party's intention to invoke issue preclusion.

(Emphasis added.) Upon our consideration of these prerequisites, we conclude that the second requirement—that the burden of proof in the prior proceeding was greater than a preponderance of the evidence—is not met here.

■ Generally, in civil matters, the party bearing the burden of proof must establish the elements of his or her case by a preponderance of the evidence. Iowa R.App. P. 14(f)(6); *State ex rel. Miller v. Rahmani,* 472 N.W.2d 254, 257 (Iowa 1991); 29 Am.Jur.2d *Evidence* § 157, at 183 (1994). Under certain circumstances, however, the court may, for policy reasons, require proof by a clear and convincing preponderance of the evidence. *E.g., Midwest Home Distrib., Inc. v. Domco Indus. Ltd.,* 585 N.W.2d 735, 738 (Iowa 1998) (requiring proof of fraudulent misrepresentation by a preponderance of clear, satisfactory, and convincing evidence); *In re J.P.,* 574 N.W.2d 340, 342 (Iowa 1998) (stating that application for involuntary commitment must be supported by clear and convincing evidence); *First Fed. Sav. & Loan Ass'n v. Blass,* 316 N.W.2d 411, 414 (Iowa 1982) (holding that party asserting the defense of laches must prove its essential elements by clear, convincing, and satisfactory evidence); Iowa Code § 668A.1 (1999) (requiring proof of defendant's willful and wanton disregard for the rights or safety of another by a preponderance of clear, convincing and satisfactory evidence to sustain award of punitive damages).

Here, the Commission admitted into evidence and relied on the rulings issued in the underlying civil matter. The issue in that case was whether there was "adequate reason for the transaction[s]" in which the conservator engaged as required by Iowa Code section 633.155 (1987). *In re Guardianship & Conservatorship of Jordan,* 616 N.W.2d at 558. We are aware of no statute or rule of law that calls for a heightened burden of proof in such a case. Therefore, the fiduciary was merely required to establish the desirability of the challenged transactions, from the ward's viewpoint, by a preponderance of the evidence.

The fact that the trial court in the civil matter awarded punitive damages, which were affirmed on appeal, is of no assistance to the Board. It is true that, in order to recover punitive damages, the administrator of Jordan's estate was required to prove Remer's willful and wanton disregard of Jordan's rights by a preponderance of clear, convincing, and satisfactory evidence. *See* Iowa Code § 668A.1. But that issue merely went to the nature of Remer's conduct. The propriety of the underlying conduct, to the extent it was litigated in the civil suit, was determined by the lower standard of preponderance of the evidence.

Because the burden of proof in the prior proceeding was not greater than a mere preponderance of the evidence as required by rule 118.7, the requirements for the application of issue preclusion under that rule are not met. Accordingly, the Commission erred in admitting into evidence in this disciplinary matter the rulings issued by the trial court in that proceeding.

### III. *Disposition.*

Upon our de novo review, we hold that the Commission erred in admitting the orders entered in the underlying civil suit because those orders did not meet the prerequisites established by rule 118.7 for the use of issue preclusion. Therefore, we vacate the Commission's report and remand this matter to the Commission for a new hearing. *See Waits v. United Fire & Cas. Co.*, 572 N.W.2d 565, 578 (Iowa 1997) (remanding case for new trial where trial court had erroneously admitted evidence); *State v. Deases*, 518 N.W.2d 784, 792 (Iowa 1994) (same).

**REPORT VACATED AND CASE REMANDED FOR NEW HEARING.**

All justices concur except SNELL, J., who takes no part.