## IN THE COURT OF APPEALS OF IOWA

No. 17-0808
Filed May 16, 2018

**BRANDON MICHAEL AMES d/b/a TQC,**
Plaintiff-Appellant,

**vs.**

**TAMATHA LOUISE ELDER,**
Defendant-Appellee.

_____

Appeal from the Iowa District Court for Lee (South) County, John M. Wright,

Judge.

A plaintiff appeals the district court's discovery sanctions. **REVERSED**

**AND REMANDED.**

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Elaine F. Gray of Fehseke & Gray Law Offices, Fort Madison, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

Brandon Ames is a construction contractor who was hired by Tamatha Elder to work on her roof. Ames bought materials and started the job in May 2016, and he finished in July. Elder refused to pay Ames for his work or reimburse him for materials purchased. Ames filed a petition in August seeking recovery for the fees for his services and the cost of materials. Elder filed an answer and counterclaims in September.

A trial scheduling order and discovery plan establishing deadlines for discovery was filed in October. Elder filed a request for production of documents, a request for admissions, and interrogatories in December. The responses to Elder's request for admissions were due on January 22, 2017. On that date, Ames filed a motion to extend the time to respond until February 6. The court granted his motion. Ames failed to respond to Elder's discovery requests and on February 16, Elder filed a motion to compel discovery. The district court filed an order compelling discovery on March 6, requiring Ames to respond to all discovery requests by March 13, as trial was scheduled for March 22.

Ames did not respond to Elder's discovery requests by March 13 but filed a motion to continue trial. Elder opposed the motion and requested discovery sanctions on March 14. Ames did not resist Elder's motion for sanctions or request a hearing. On March 21, the court ordered sanctions against Ames:

> Plaintiff/Counter-claim Defendant Brandon Ames DBA TQC shall not be allowed to support his claims against Elder or oppose the defenses of Elder to his claims; further, Plaintiff/Counter-claim Defendant Brandon Ames DBA TQC shall not be allowed to oppose the claims of Elder against him or support any defenses to those claims; finally, to the extent not already prohibited, Plaintiff/Counter-claim Defendant Brandon Ames DBA TQC shall not be allowed to

introduce any exhibits or witnesses in evidence at trial of the parties' claims scheduled to begin March 22, 2017 and scheduled to conclude March 23, 2017.

Trial took place on March 22,[1] and on March 23, the court filed its order finding Ames failed to prove the claims asserted in his petition and entering judgment dismissing Ames's claims, ruling in favor of Elder's counterclaim, and ordering attorney's fees. On April 7, Ames filed a motion to vacate the order and a motion for a new trial pursuant to Iowa Rule of Civil Procedure 1.1004, alleging the court failed to schedule a hearing before granting sanctions. The motion was resisted and summarily denied. Ames appeals the court's order denying his motion to vacate and grant a new trial, and he asks us to vacate the judgment against him, reverse the order granting sanctions, and remand for a new trial.

Ames argues there were "[e]rrors of law occurring in the proceedings, or mistakes of fact by the court." Iowa R. Civ. P. 1.1004(8). Ames argues the district court committed errors of law by failing to allow him the opportunity of a hearing. *See Schwarz v. Meyer*, 500 N.W.2d 87, 89 (Iowa Ct. App. 1993) ("Before a court can impose discovery sanctions, an affected party must be afforded the opportunity of a hearing."); *see also Schwarzenbach v. Schwarzenbach*, 446 N.W.2d 475, 478 (Iowa Ct. App. 1989) (comparing discovery sanctions to contempt in holding that sanctions cannot be imposed without a hearing.). Without a hearing, the district court could not conclude whether the sanctions imposed, which amounted to a dismissal of Ames's claims, were appropriate.[2]

---

[1] We have no record of the trial proceedings, and neither party indicated discovery sanctions were discussed at trial.

[2] The sanctions imposed on Ames amount to a dismissal. Ames was not allowed to support his claims against Elder, defend Elder's cross-claims, or present any witnesses or

"We review the denial of a motion for new trial based on the grounds asserted in the motion." *Fry v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012) (citations omitted). "Ultimately, 'we are reluctant to interfere with a jury verdict' or the district court's consideration of a motion for new trial made in response to the verdict." *Id.* (citation omitted). "Under rule 1.1004, a district court should only grant a new trial if one of the grounds listed in the rule applies and the movant's substantial rights were materially affected." *Id.* at 130; *see also* Iowa R. Civ. P. 1.1004. Here, the district court committed an error of law by entering judgment after failing to allow Ames a hearing before the imposition of discovery sanctions. Ames's substantial rights were materially affected. Ames's due process rights were limited by the imposition of sanctions without a hearing, and as a result of the sanctions imposed, his case was effectively dismissed. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 783–84 (9th Cir. 1983) (holding the court's imposition of sanctions must be consistent with due process requirements.).

Because the district court committed an error of law by failing to hold a

---

evidence. "Generally, in civil matters, the party bearing the burden of proof must establish the elements of his or her case by a preponderance of the evidence." *Iowa Supreme Court Bd. of Prof'l Ethics & Conduct v. Remer*, 617 N.W.2d 269, 271 (Iowa 2000). By limiting Ames's ability to prove the elements of his case, the court effectively dismissed his case.

hearing on discovery sanctions, and Ames was prejudiced as a result, we reverse and remand for a new trial.

**REVERSED AND REMANDED.**