Harold O. POSTMA, Greta K. Postma, Jonathan M. Postma, Christopher A. Postma and Peter B. Postma, by their Father and Next Friend, Harold O. Postma, Appellants,

v.

The SIOUX CENTER NEWS, Wayne Dominowski, Deb Maatman, the Hawarden Independent, J.F. Maher, Vera —————, Six Unnamed Attorneys and One Unnamed Legal Official, Appellees.

No. 85–197.

Supreme Court of Iowa.

Sept. 17, 1986.

Rehearing Denied Oct. 20, 1986.

---

Harold O. Postma, Orange City, and Emil Trott, Jr., of Barrett & Trott, Des Moines, for appellants.

James D. Scott of McGill & Scott, Rock Valley, for appellees.

HARRIS, Justice.

A libel suit brought by plaintiff Harold O. Postma and members of his family was dismissed as a sanction for Postma's failure to appear for his deposition. Upon plaintiffs' appeal we affirm in part, reverse in part and remand.

Harold O. Postma (Postma) was serving as Sioux County attorney in 1982 when defendant newspapers printed articles quoting "six unnamed attorneys" and one "unnamed legal official" from the area (also defendants in this action) who claimed Postma was "often late to hearings or trials" and kept his office understaffed as a "political ploy" in order to appear to save the taxpayers money. Postma then brought this suit, claiming the articles libeled him in his chosen profession and subjected him and his family to public hatred, contempt and ridicule. The merits of plaintiff's libel action are not considered in this

appeal. *But see Hovey v. Iowa State Daily Publication Bd.*, 372 N.W.2d 253 (Iowa 1985); *McCarney v. Des Moines Register & Tribune Co.*, 239 N.W.2d 152 (Iowa 1976).

One would be hard pressed not to notice the striking similarity between the published remarks Postma complains of and his response, or lack of it, to the attempts to depose him. Postma complains he was libeled because he was accused of always being absent or late. The judge dismissed the suit because he was.

The newspaper article published in 1982 which precipitated the suit stated in part:

Some attorneys complain that the reason the system is inefficient is that Postma is often late for hearings and trials. "Several weeks ago," said one Sioux County lawyer, "Postma was supposed to be at a juvenile hearing, along with a juvenile referee, the parents, the juvenile, two attorneys and the deputy sheriff at 1:30 p.m. Postma did not show until 2:20 ... this pushes all the cases back an hour. In the meantime, the judge is waiting, the people for that case and cases following are waiting."

"If this case was an isolated one, it would be one thing. But it happens all the time, and usually we don't know where Postma is and only rarely does he call to say that he's going to be late."

Another lawyer echoed the same sentiment. "That instance is not isolated—people who have business to do in the courthouse see how the system works and it does not look professional. People don't feel they're being treated fairly, having to wait so long, and they get a distaste for government."

Because of the delays, claim lawyers, the court-appointed attorneys have to charge more for their time, thus costing the taxpayers more money. "And why shouldn't they?" says one counselor from the area. "When you're waiting for trials to begin, you could be earning $40 or $50 an hour doing other legal work."

█ Postma reacted to this publication by filing the libel suit—on June 4, 1984, the last day before our statute of limitations would have barred it. Defendants thereafter filed a request for admissions; Postma ignored it. Defendants think Postma's failure to respond to their request for admissions bears on his later failure to appear for his deposition. We disagree. The price of ignoring a request for admissions is to have the matter stand as admitted, not to have the case dismissed. *See* Iowa R.Civ.P. 127.

Thereafter defendants served Postma with a notice that his deposition would be taken on October 16, 1984. Postma failed to appear. Defendants subsequently moved to compel discovery and for attorney's fees and expenses. The motion was granted on December 17, 1984 in a calendar ruling entered by Judge Phillip S. Dandos. The ruling also ordered Postma to appear for the taking of his deposition on the second floor of the Sioux County courthouse on December 21, 1984.

A difficulty arises because the December 17, 1984 order was flawed in that Postma was directed to appear at 9:30 p.m. rather than 9:30 a.m. Although Postma received actual notice of the correct time and although in district court he made no claim he was misled by this error, he claims on appeal that it vitiates the sanction later imposed.

On December 21, 1984, attorneys for the defendants appeared at the Sioux County courthouse for the deposition. A court reporter had been told by the district court clerk that the deposition would be taken in the basement rather than on the second floor. After searching all floors of the courthouse and calling Postma's law office defendants' attorneys were unable to locate him. Therefore at approximately 10:00 a.m. defendants' attorneys went to Postma's office. While the attorneys were absent from the courthouse from approximately 10:25 to 10:50 the reporter unsuccessfully searched each floor of the courthouse for Postma.

Postma was not in the courthouse. He was in his local law office where he was

confronted with the oral demand that he appear for deposition. Postma expressed surprise that the deposition was set for morning rather than afternoon (not evening). But he made no claim that he expected to appear at 9:30 p.m. Rather, he refused to be deposed for a reason wholly unrelated to the notice. Stating he had retained an out-of-town lawyer to represent him,[1] he refused to proceed without his new counsel. No appearance was ever filed by the attorney he named.

In documents filed after the order of dismissal Postma made factual assertions at variance with those of defendants' counsel. He stated he did not refuse to appear, and in fact reached an agreement to appear later with his out-of-town counsel, an agreement he says defendants' counsel made and immediately repudiated. These assertions will be discussed in a later division.

Defendants' counsel left Postma's office and returned to the courthouse to make a record of Postma's refusal to appear and to file for discovery sanctions.

Postma also points to another variance in the notice. Defendants' attorneys and the reporter were not on the second floor but in the magistrate's room in the courthouse basement. Postma, as previously indicated, was in his office, insisting that his out-of-town counsel be present. At 10:53 a.m. the reporter left the building. That afternoon defendants Deb Maatman, The Hawarden Independent and J.F. Maher filed a motion for sanctions.[2]

Postma points to what he believes is a final error. December 21, (when the first motion for sanctions was filed) was a Friday. The clerk's filing stamp showing the December 21 filing date appears in the lower left corner. But also on the face of the motion, though crossed out, is another clerk's filing stamp for the following Monday, December 24, 1984. The December 24 filing stamp was apparently processed in error the following Monday some three

days after the motion had actually been filed. The December 24 filing stamp was however crossed out before a copy was furnished to Postma.

The motion for sanctions filed December 21 was considered on December 31, 1984, a regular motion day. Under Iowa rule of civil procedure 117(a) motions on file for ten or more days are for submission on a motion day unless otherwise specifically set.

Upon submission the trial court noted that Postma "is present in the Sioux County Court House but is not present at this hearing and the court is advised by [moving defendants' attorney—James D. Scott that] Postma was made aware of this hearing but chose not to attend as he was consulting with clients concerning another matter." The court awarded fees and costs against Postma and dismissed the action against Deb Maatman, The Hawarden Independent and J.F. Maher.

The dismissal seems to have at last captured Postma's attention. On January 2, 1985, he filed a tardy resistance to the motion for the sanctions which the court had already imposed. He stated he had "misread" the order for his deposition "as being scheduled for 2:00 p.m." Not once however did Postma complain in district court of the typographical error which set the deposition for 9:30 p.m. rather than 9:30 a.m. His resistance pointed out the reporter had been diverted by the district court clerk from the second floor to the courthouse basement.

On January 14, 1985 Postma (for himself alone) filed a resistance to the December 31 motion of defendants Sioux Center News and Dominowski. In that he stated he "attempted to appear on December 21, 1984, but was prevented because defendants did not appear on the second floor of the courthouse as ordered."

---

1. Postma had theretofore acted as his own counsel and appeared also for the other plaintiffs.

2. The other two defendants, Sioux Center News and Dominowski, filed a similar motion ten days later.

Postma asserted in his resistance he did not refuse to submit to the deposition but had only sought to have out-of-town counsel with him. He stated defendants' counsel first agreed to this but later withdrew his acceptance. He said he then went to the courthouse but found no one on the second floor.

Also on January 14 Postma filed a motion to set aside the dismissal which had been entered January 2. In that motion Postma again asserted he was misled about the site of the deposition being moved from the second floor. He also claimed to have been misled by the crossed out December 24 filing stamp.

All pending motions were set for hearing on January 28, 1985. Upon that hearing the motion to set aside the earlier dismissal was overruled. The December 31, 1984 motion of two defendants, Sioux Center News and Dominowski, was summarily sustained and the case against them was also dismissed. No motion was filed under Iowa rule of civil procedure 179(b) to enlarge the trial court's holding. This appeal followed.

■ We assume the trial court found the disputed facts in accordance with its ruling. *See Hubby v. State*, 331 N.W.2d 690, 695 (Iowa 1983). This is a special proceeding in a law action for libel. Our scope of review for the controverted facts we have outlined is on error. Iowa R.App.P. 4. We think there is overwhelming evidence to support the factual basis for the trial court's ruling. We summarize those controlling facts as follows. Postma received both actual and written notice of the deposition. The written notice was flawed, stating the time as 9:30 p.m. rather than 9:30 a.m. Postma was not thereby misled and did not discover the error until after this appeal was perfected. Although the site of the deposition was moved by the clerk from the second floor of the courthouse to the basement, Postma was not misled. He did not even enter the courthouse until the reporter had left.

I. As to plaintiff Harold O. Postma our only question is on the adequacy of notice.

Iowa rule of civil procedure 134(b)(2)(C) expressly authorizes a court to dismiss an action as a sanction for failing to comply with the discovery order. *See* Annot., 32 A.L.R.4th 212 (1984).

We have long recognized that "[i]mposition of discovery sanctions by a trial court is discretionary and will not be reversed unless there has been an abuse of discretion." *Suckow v. Boone State Bank & Trust Co.*, 314 N.W.2d 421, 425 (Iowa 1982); *State ex rel. Parcel v. St. John*, 308 N.W.2d 8, 10 (Iowa 1981); *Eickelberg v. Deere & Co.*, 276 N.W.2d 442, 446 (Iowa 1979); *Haumerson v. Ford Motor Co.*, 257 N.W.2d 7, 14 (Iowa 1977). Where, however, the trial court selects dismissal of the action as the appropriate discovery sanction, the range of discretion is narrowed. *Smiley v. Twin City Beef Co.*, 236 N.W.2d 356, 360 (Iowa 1975). We have held that "[i]n order to justify dismissal of the action, a party's non-compliance must be due to willfulness, fault or bad faith." *Suckow*, 314 N.W.2d at 425, *citing McQuillen v. City of Sioux City*, 306 N.W.2d 789, 791 (Iowa 1981) (plaintiff's willful non-compliance with court order to submit to a medical examination justified sanction of dismissal).

We have divided our decisions involving discovery sanctions into two categories: (1) violation of a trial court discovery order, and (2) violation solely of a rule of civil procedure relating to discovery. *See Suckow*, 314 N.W.2d at 425–26. A comparison of the two classes of cases "makes it clear that dismissal is a discovery sanction generally used when a party has violated a trial court's order." *Id.* at 426, *citing Zimmerman v. Purex Corp.*, 256 Iowa 190, 194–95, 125 N.W.2d 822, 825 (1964) (sanction was improper in the absence of a court order setting a specific time limit to answer interrogatories).

Under the foregoing authorities it was easily within the trial court's discretion to order dismissal. The question then becomes whether the trial court had the procedural authority upon which to exercise discretion. Postma challenges the authori-

ty on two grounds. He says the order of deposition stated the wrong time and the wrong place.

■ II. No error was preserved on Postma's claim that the notice was defective because it listed the wrong time. He did not challenge the notice on this basis until after the appeal was taken. A theory not raised in trial court will not be considered on appeal. *Shill v. Careage Corp.,* 353 N.W.2d 416, 421 (Iowa 1984).

■ III. Postma's complaint that the order for deposition was flawed as to place was raised in district court. As against three defendants it was raised after default and as against two it was raised before default. We can treat all five defendants alike because, under the special circumstances, we do not think the move from the second to the basement floor deprived the court of its authority to impose the sanction.

Like the trial court, we are convinced Postma was in no way misled; he did not act in the belief the deposition was to be taken on the second floor. We can note that Sioux County, a rural county in northwestern Iowa, has a small courthouse in which Postma, the former county attorney, was not apt to get lost. He was not even in the building, but rather was in his law office negotiating with defendants' counsel about taking the deposition later. Understandably these negotiations broke down when Postma would not agree to a set time. Although he contends otherwise, when Postma later did arrive at the courthouse he immediately learned the reporter had left.

We should not be understood as holding that the site of a deposition can be summarily shifted so as to confuse or mislead. Neither is a deponent required to conduct a search to seek out and find whether a site may have been moved. Our holding is limited to these facts in which the site was moved within a small rural courthouse and where the deponent was in no way thereby misled.

We believe and hold the trial court had authority to exercise its discretion.

■ IV. The dismissal is affirmed only as to Harold O. Postma, the principal plaintiff. We do not think his default should be visited upon the other plaintiffs, even though he was acting as their attorney. Clients do indeed often suffer defaults by reason of the failures of their counsel. Postma however was being deposed as a party, not as plaintiffs' attorney. Dismissal is the extraordinary sanction for the failure here, and because other plaintiffs had no part in it we think it is inappropriate as to them. Under these circumstances the suit should have been dismissed only as to Harold O. Postma.

■ The dismissal of Harold O. Postma's suit is affirmed; the dismissal of the suit of the other plaintiffs is reversed. Tax costs one-half to appellants; one half to appellees. Defendants' brief does not comply with Iowa rule of appellate procedure 16(a). It is not printed on both sides of the page. We have previously mentioned some of the reasons for rule 16. *See Allmon v. Hale Insurance Agency Inc.,* 390 N.W.2d 120, 122 (Iowa 1986). The requirement for printing on both sides stems from the space problems for storing and shelving bound copies of briefs and appendices in our own and other libraries throughout the state. Defendants' counsel shall refile, at their own expense, their appellate brief in proper form. No costs shall be assessed for such amended briefs.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.