Trevor W. **BINDEL,** Appellant,

v.

Wendell K. **LARRINGTON** and Lorraine Larrington, Appellees.

No. 94–1483.

Court of Appeals of Iowa.

Dec. 22, 1995.

Gordon K. Darling, Jr. of Darling & Darling, Winterset, for appellant.

Stephen D. Hardy and Mark A. Schultheis of Grefe & Sidney, Des Moines, for appellees.

Heard by SACKETT, P.J., HUITINK, J., and SCHLEGEL, Senior Judge.*

HUITINK, Judge.

Trevor Bindel appeals a district court judgment dismissing his claim against Wendell and Lorraine Larrington. We affirm.

On October 8, 1993, Trevor Bindel filed a petition at law seeking damages from Wendell and Lorraine Larrington as a result of injuries suffered when the motorcycle he was driving collided with Larringtons' car. The accident happened on October 12, 1991, when the parties were attending the Covered Bridge Festival in Winterset.

On November 19, 1993, the Larringtons served Bindel with twenty-two interrogatories and ten requests for production of documents. Bindel did not respond to the requests, and on March 22, 1994, the Larringtons filed a motion to compel. Bindel did not respond to the motion or to the discovery requests. The district court subsequently ordered Bindel to serve discovery responses by May 16, 1994. On May 16 Bindel's attorney contacted the Larringtons' attorney and requested an extra week to provide responses. When Bindel had not responded by June 20, 1994, the Larringtons filed a motion for sanctions, and a hearing followed. Prior to the hearing, Bindel's attorney provided Larringtons' attorney with incomplete discovery responses. Fifteen days later the district court entered its ruling dismissing Bindel's claim for failure to respond to discovery. The district court stated Bindel's attorney had not shown any extenuating circumstances to explain or justify his inaction and concluded counsel's failure to respond to discovery was willful and inexcusable. Bindel then made a motion to enlarge, amend, and substitute its ruling pursuant to Iowa

* Senior Judge from the Iowa Court of Appeals serving by order of the Iowa Supreme Court.

Rule of Civil Procedure 179(b). The district court denied the motion. Bindel appeals.

■ Our review is for the correction of errors at law. Iowa R.App.P. 4. The imposition of discovery sanctions by a trial court is discretionary and will not be reversed unless there has been an abuse of discretion. *Sullivan v. Chicago & N.W. Transp. Co.*, 326 N.W.2d 320, 324 (Iowa 1982). In order to show an abuse of discretion, one generally must show the court exercised its discretion " 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.' " *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976) (quoting *Weeks v. Burnor*, 326 A.2d 138, 140 (Vt.1974)).

Bindel contends the district court abused its discretion by dismissing his claim. He asserts dismissal was improper because his failure to comply with the court's orders resulted from his attorney's neglect. He also challenges the district court's determination his failure to comply with discovery was willful.

■ We find the trial court did not abuse its discretion in dismissing Bindel's claim. Dismissal is a discovery sanction generally used when a party has violated a trial court's order. *Suckow v. Boone State Bank & Trust Co.*, 314 N.W.2d 421, 426 (Iowa 1982). We note that the trial court's discretion narrows when the drastic sanction of dismissal is imposed. *Kendall/Hunt Pub. Co. v. Rowe*, 424 N.W.2d 235, 240 (Iowa 1988). The fact that less drastic sanctions are available to the trial court, however, does not require a finding the trial court abused its discretion. *McQuillen v. City of Sioux City*, 306 N.W.2d 789, 791 (Iowa 1981). To justify dismissal of a claim, the party's noncompliance must be due to willfulness, fault, or bad faith. *Postma v. Sioux Center News*, 393 N.W.2d 314, 318 (Iowa 1986).

The record shows the district court by calendar entry dated May 2, 1994, required Bindel to respond to defendants' discovery requests by May 16. Although Bindel made some effort to comply with this order, he did not serve formal answers to defendants' interrogatories until August 18, 1994, ten days after the trial court issued its order dismissing plaintiff's claim. Bindel did not inform the court of any extenuating circumstances explaining his failure to comply, nor did he respond to the Larringtons' motion to compel or motion for sanctions. Bindel's inaction was a clear violation of the trial court's order compelling discovery. While dismissal may have been a drastic measure, it was not disproportionate in view of the nature of counsel's violation.

■ We further find substantial evidence supports the trial court's determination Bindel's failure to comply was willful. There is nothing in the record indicating Bindel or his attorney were unaware of the discovery deadlines imposed by the court's order, nor has Bindel's attorney provided any explanation for his failure to comply other than his own neglect. A finding of willfulness by the client is not a prerequisite to dismissal. *See Kendall/Hunt*, 424 N.W.2d at 241. The severity of the sanction imposed in this case was justified by counsel's willful failure to comply with the district court's discovery order. It is well settled that clients are responsible for their lawyer's willful failure to comply with discovery orders. *Kendall/Hunt*, 424 N.W.2d at 235. This responsibility includes the consequences of dismissal or default. *Id.* Accordingly, it was not improper for the district court to dismiss Bindel's claim because of his lawyer's neglect. We affirm the district court's order dismissing Bindel's claim.

**AFFIRMED.**

SCHLEGEL, Senior Judge, concurs.

SACKETT, P.J., dissents.

SACKETT, Presiding Judge (dissenting).

I dissent. I would reverse the dismissal and remand to the trial court to impose sanctions against plaintiff's attorney.

In *Kendall/Hunt Pub. Co. v. Rowe*, 424 N.W.2d 235, 240–41 (Iowa 1988), the court said:

When faced with a violation of its discovery order, the district court's duty is clear. Prior to dismissal or entering a default judgment, fundamental fairness should re-

quire a district court to enter an order to show cause and hold a hearing, if deemed necessary, to determine whether assessment of costs and attorney fees or even an attorney's citation for contempt would be a more just and effective sanction. *Dismissal and entry of a default judgment should be the rare judicial act.* When noncompliance is the result of dilatory conduct by counsel, the courts should investigate the attorney's responsibility as an officer of the court and, if appropriate, impose on the client sanctions less extreme than dismissal or default, unless it is shown that the client is deliberately or in bad faith failing to comply with the court's order. (Citations omitted). This is not to say, however, that the district court may never impose sanctions of dismissal or default on a client unless the client has willfully or in bad faith failed to comply with discovery orders of the court. Such an absolute rule would conflict with the well-established rule that clients are responsible for the actions of their lawyers and in appropriate circumstances dismissal or default may be visited upon them because of the actions of their lawyers. (Citations omitted) (emphasis supplied).

The interrogatories were not answered because of dilatory actions of plaintiff's counsel. The question is whether this case calls for the rare judicial act of dismissal. I am of the opinion it does not. This was a two-vehicle accident case. Defendant's agent had investigated the accident. Defendant's agent received medical information from plaintiff.

At oral argument, defendant's attorney told us the importance of receiving the answers to the interrogatories was so they could learn if plaintiff knew the address of a witness to the accident.

The discovery rules are for the purpose of providing information the other party does not have to allow him or her to prepare for trial. There were no great mysteries in this case and no real evidence defendant suffered prejudice because of plaintiff's failure to answer. This case does not call for the sanction of dismissal.

I would remand to the trial court to sanction plaintiff's attorney. Justice is best served by the case being tried on its merits.