# IN THE COURT OF APPEALS OF IOWA

No. 23-0983
Filed May 8, 2024

**HARD RAPPEN RANCH, LLC,**
    Plaintiff-Appellant,

**vs.**

**COREY L. BOSMA,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Osceola County, Carl J. Petersen, Judge.

A plaintiff appeals the dismissal of its breach-of-contract case with prejudice following repeated failure to comply with court orders to pay the defendant's attorney fees. **AFFIRMED.**

Andrew J. Knuth, Atlantic, for appellant.

Matthew T.E. Early of Matthew Early Law Office, Spirit Lake, for appellee.

Considered by Bower, C.J., Langholz, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**LANGHOLZ, Judge.**

Plaintiff Hard Rappen Ranch, LLC, refiled its breach-of-contract case in the wrong county and was ordered to pay the defendant's venue-change attorney fees under Iowa Rule of Civil Procedure 1.808. But Hard Rappen never paid. After Hard Rappen flouted the court's deadline a second time, the court dismissed the suit with prejudice. Hard Rappen acknowledges dismissal was appropriate but asks this court to impose dismissal without prejudice so that it could file the suit a third time. Yet Hard Rappen's noncompliance was willful—it offered no viable justification for its venue jockeying, nor any credible explanation for twice disregarding the court's order. Considering the nature of Hard Rappen's noncompliance and affording due weight to the district court's discretion, we affirm.

I.

Hard Rappen contracted with Corey Bosma for the purchase of a race car. Under the contract, Bosma would first modify the car to be "race ready," then Hard Rappen would pick up the finished car from Bosma's residence in Osceola County. According to Hard Rappen, Bosma failed to deliver a "race ready" car. So Hard Rappen sued Bosma for breach of contract in Osceola County. Two months later, after Bosma answered, Hard Rappen voluntarily dismissed its suit. Hard Rappen's dismissal stated that suing in Osceola County was in error and it should have sued in Adams County—Hard Rappen's county of residence and roughly 200 miles from Osceola County.

Hard Rappen later refiled the same breach-of-contract suit against Bosma in Adams County. Bosma promptly moved to change venue to Osceola. The district court granted the venue change, finding that under Iowa Code

sections 616.5 and 616.7 (2022), Osceola County was both Bosma's county of residence and the location of any disputed contract performance.

When a suit is filed in the wrong county, Iowa Rule of Civil Procedure 1.808 requires courts to "order the change at plaintiff's costs, which may include reasonable compensation for defendant's trouble and expense, *including attorney's fees*, in attending in the wrong county." Iowa R. Civ. P. 1.808(1) (emphasis added). This rule demands plaintiffs promptly pay for and remedy their venue errors. "If all such costs are not paid within 20 days of the transfer order, the action shall be dismissed." Iowa R. Civ. P. 1.808(2). Consistent with this rule, the district court ordered Hard Rappen to pay court costs and $1000 in attorney fees. Although court costs were due within the rule's twenty-day window, the court gave Hard Rappen over two months—until April 1—to pay Bosma's attorney fees.

Hard Rappen did not avail itself of the court's leniency. Instead, shortly before the April 1 deadline, Hard Rappen moved to defer paying the attorney fees until the case concluded. Hard Rappen cited no authority for its request, nor did it provide any other good cause, such as inability to pay. The district court denied Hard Rappen's request, noting rule 1.808's mandatory language. Still, the court gave Hard Rappen another chance, granting it until April 20 to pay Bosma's fees. The court warned that it "would entertain a motion to dismiss" if Hard Rappen did not pay by April 20.

Again, Hard Rappen did not pay. So Bosma moved to dismiss. This time, Hard Rappen claimed that it "was never informed that the attorney fees assessed were part of the court costs." Hard Rappen also asserted "the failure of attorney fees to be assessed as court costs" was "wholly outside of [its] control." But Hard

Rappen provided no evidence showing it took any steps to pay or inquire into the proper mode of payment.

The district court dismissed the case with prejudice. The court explained, "Plaintiff was given until April 20, 2023[,] to pay the attorney fees ordered herein or face dismissal of this case." Because Hard Rappen did not "address the failure to pay attorney fees," the case "must be dismissed with prejudice." And the court reasoned that it had "been patient with Plaintiff's procedural mistakes but finality has now come."

Hard Rappen moved to set aside the dismissal. And the court denied the motion, again reasoning that Hard Rappen's "failure to pay the attorney fees ordered again and again is fatal." Hard Rappen now timely appeals.[1]

II.

On appeal, Hard Rappen only asks that we reverse the district court's decision to dismiss with prejudice. Hard Rappen argues that dismissal should have been without prejudice so that it could file its suit a third time.

To begin, dismissals for noncompliance with rule 1.808(2) generally operate without prejudice, unless the court specifies otherwise. *See Uttecht v. Ahrens*, 312 N.W.2d 571, 573 (Iowa 1981) (discussing the interplay between rule 1.946—which exempts dismissals for "improper venue" from operating as adjudications on the

---

[1] While Hard Rappen's notice of appeal was filed more than thirty days after the district court's dismissal order, we interpret its "motion to set aside dismissal with prejudice" to be a motion for reconsideration under Iowa Rule of Civil Procedure 1.904(2), which tolls the thirty-day deadline for filing a notice of appeal until the court rules on the 1.904(2) motion. *See* Iowa R. App. P. 6.101(1)(b). Hard Rappen filed its notice of appeal well within thirty days of the order denying its motion.

merits unless the court specifies otherwise—and rule 1.808(2)).  Consistent with *Uttecht*, the district court did not hold that dismissal with prejudice is a necessary consequence of violating rule 1.808(2).  Rather, dismissal with prejudice was a sanction for not complying with the court's two attorney-fee orders compelling Hard Rappen to pay Bosma's venue-change attorney fees—first by April 1, then by April 20.  Thus, we consider whether the district court erred in exercising its inherent authority[2] to sanction Hard Rappen by dismissing its suit with prejudice for twice ignoring the court's order to pay attorney fees under rule 1.808(1).

"Dismissal is a drastic remedy."  *Toney v. Parker*, 958 N.W.2d 202, 210 (Iowa 2021).  Dismissal as a sanction is rarely affirmed "without the violation of a prior court order."  *Id.*  And even then, the "noncompliance involved" must "be premised on willfulness, bad faith or fault."  Mark S. Cady, *Curbing Litigation Abuse and Misuse: A Judicial Approach*, 36 Drake L. Rev. 483, 517 (1987); *see also McQuillen v. City of Sioux City*, 306 N.W.2d 789, 791 (Iowa 1981) ("[T]he drastic action of dismissal should not be ordered in the absence of willfulness, bad faith or fault."); *Bindel v. Larrington*, 543 N.W.2d 912, 914 (Iowa Ct. App. 1995) (same).  We therefore review dismissals for abuse of discretion and look to see whether the district court could have reasonably found "willfulness, fault or bad faith."  *Suckow v. Boone State Bank & Tr. Co.*, 314 N.W.2d 421, 425 (Iowa 1982).

Against this backdrop, we consider Hard Rappen's conduct leading to the dismissal.  First, Hard Rappen offered no viable justification to sue Bosma in

---

[2] Because Hard Rappen offers no argument that dismissal with prejudice falls outside the bounds of a court's inherent authority to impose sanctions for violating improper-venue orders, we offer no opinion on that issue.

Adams County—roughly 200 miles away from the proper venue in Osceola County. A breach-of-contract action must be filed in the defendant's county of residence or, if the contract expressly stated a place of performance, in the county of performance. Iowa Code §§ 616.5, 616.7, 616.17. Absent an express location of performance, the mere fact that a plaintiff would receive payments or benefits from the contract in one county is not enough to deprive a defendant of his home venue. *Abernethy v. Schmitt*, 879 N.W.2d 866, 868 (Iowa Ct. App. 2016). Here, the contract included no express location of performance. The only location listed in the contract is Bosma's address in Osceola County, where Hard Rappen was to pick up the vehicle. So at the time of refiling, Hard Rappen knew Bosma's disputed work was to be performed in Osceola County, the car was to be delivered in Osceola County, and Bosma resides in Osceola County. Hauling a defendant to court roughly 200 miles away from his county of residence without colorable justification warrants awarding attorney fees. And enforcing that attorney-fee award furthers the prompt remedial goals of rule 1.808.

Second, Hard Rappen also offered no viable explanation for disregarding the court's fee order not just once, but twice. Cady, 36 Drake L. Rev. at 520 (discussing withholding dismissal "until a disobedient party has been given more than one opportunity to comply with a court order"). Hard Rappen's first request to delay paying offered no good cause, nor did it acknowledge rule 1.808's temporal requirements. Instead, Hard Rappen summarily claims "efficiency and logic" supported waiting until the case concluded—contrary to rule 1.808(2) and the court's order.

And when Hard Rappen failed to pay a second time, it again offered no good cause, excusable oversight, or mitigating factors. Instead, it asserted ignorance of its obligation to pay and claimed any nonpayment was due to the court's failure to assess the attorney's fees as court costs. Yet the court's second order was unambiguous and self-executing—Hard Rappen had to pay $1000 by April 20, no further order or action of the court was required. Hard Rappen's insistence that it was faultless, despite taking no steps to pay or inquire into mode of payment, is not convincing. *Cf. Tibodeau v. CDI*, No. 16-0560, 2017 WL 2665107, at *2 (Iowa Ct. App. June 21, 2017) (rejecting statute-of-limitations challenge to reinstated lawsuit that had been dismissed under rule 1.808(2) when failure to timely pay court costs was due to recently implemented electronic-filing system and the "county clerk could not determine the proper payment procedure").

As to the sanction, Hard Rappen has already voluntarily dismissed this suit without prejudice once. We are mindful that "[r]epeated filings and dismissals obviously have a harassing effect" on parties. *Smith v. Lally*, 379 N.W.2d 914, 916 (Iowa 1986). Under Iowa's two-dismissal rule, Hard Rappen could not itself dismiss this suit without prejudice and file a third time. Iowa R. Civ. P. 1.943. It follows that the district court had no duty to guarantee a third chance to sue. And Hard Rappen's insistence that a lesser sanction of "fees and costs" could have been imposed is similarly unavailing. The district court found Hard Rappen "again and again" disregarded the court's fee orders. Under these circumstances, issuing yet another fee order could reasonably appear futile, particularly when Hard Rappen was warned that dismissal would result from failing to pay by April 20 and it still did not comply.

A district court only commits an abuse of discretion when "its ruling is based on clearly untenable grounds." *In re Guardianship of J.W.*, 991 N.W.2d 143, 150 (Iowa 2023) (quoting *Liquor Bike, LLC v. Iowa Dist. Ct. for Polk Cnty.*, 959 N.W.2d 693, 696 (Iowa 2021)). While it is the rare case in which dismissal is appropriate, it should also be the rare case in which a party repeatedly fails to comply with a court order without any good cause or mitigating factors. Without any evidence before it to excuse Hard Rappen's repeated noncompliance with court orders, the district court did not abuse its discretion in dismissing this suit.

**AFFIRMED.**